UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON F. RANTEESI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC ARNOLD, Warden,<br><br>　　　　　Respondent. | No. 2:18-cv-0541 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims he is entitled to relief from his 2006 murder conviction because he was legally unconscious at the time of the murder. (ECF No. 1.) Petitioner has also filed a motion to proceed in forma pauperis (ECF No. 2), two motions to appoint counsel (ECF Nos. 3, 11), and a motion for reconsideration (ECF No. 11).

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**SCREENING**

**I.　Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

////

1

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. The Petition

Petitioner states the basis for relief is his 2006 conviction and sentence for murder with the use of a deadly weapon in the Solano County Superior Court. The court's records reveal that petitioner previously filed a petition for writ of habeas corpus attacking the same conviction and sentence challenged in the instant case.[1] Petitioner's first habeas petition was filed in this court in February 2010 and denied on the merits in July 2012. See Ranteesi v. Grounds, No. 2:10-cv-0439 GEB TJB (E.D. Cal.).

## III. Analysis

A second or successive application for habeas relief may not be filed in the district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2254(b), it lacks jurisdiction to consider the merits). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

Petitioner is presently "contesting the same custody imposed by the same judgment of a state court" that he challenged in Ranteesi v. Grounds, No. 2:10-cv-0439 GEB TJB (E.D. Cal.), which was denied on the merits. Before petitioner can proceed with the instant petition, he must move in, and obtain from, the Ninth Circuit Court of Appeals, an order authorizing the district

////

---

[1] A court may take judicial notice of its own records and the records of other courts. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

court to consider the merits of his successive petition.  See 28 U.S.C. § 2244(b)(3).  Absent such authorization, the instant petition must be dismissed without prejudice.  Id.

## MOTIONS TO APPOINT COUNSEL

Petitioner requests that the court appoint "counsel and/or Special Master (Referee)" to represent him in this action. (ECF No. 3 at 1.)  He claims the court should appoint counsel because this case will likely require the assistance of experts, because the Paxil medication was a massive fraud with many victims, and he was the victim of medical malpractice because of the adulterated Paxil drugs.  Plaintiff filed a second motion requesting the appointment counsel, but did not state any further specific arguments in favor of the appointment of counsel.  (ECF No. 11.)

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  Because the court has determined that the petition should be dismissed as successive, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

## MOTION FOR RECONSIDERATION

Petitioner cites Federal Rule of Civil Procedure 72(b)(3) and states a party wishing to offer new evidence should ordinarily present the evidence in the form of a motion for reconsideration. (ECF No. 8.)  He attached documents showing his requests from the Food and Drug Administration related to Paxil, correspondence related to the claims in the petition, and correspondence detailing his attempts to retain an attorney.

It appears that petitioner is requesting these documents be added to his petition.  To the extent petitioner is requesting to add the attached documents to the petition, that request is granted.  The court has reviewed the attached documents along with those attached to the petition.  At this point in the litigation, the court has not issued a decision that it could reconsider.  Accordingly, the motion for reconsideration will be denied as moot.

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions for appointment of counsel (ECF No. 3 and 11) are denied; and

2. Petitioner's motion for reconsideration (ECF No. 8) is denied as moot.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice because it is premised on an unauthorized successive petition for writ of habeas corpus under 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The documents should be captions "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Habeas/rant0541.scrn.110